IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. AP-75,180






Ex parte SERGIO HOLGUIN, Applicant






APPLICATION FOR WRIT OF HABEAS CORPUS


FROM THE 210th DISTRICT COURT


EL PASO COUNTY






Holcomb, J., delivered the opinion of the Court, in which Keller, P.J., Meyers,

Price, Johnson, Keasler, Hervey, and Cochran, JJ., join. Womack, J., concurs in
the result.



 This is a post-conviction habeas corpus proceeding, initiated under Article 11.07 of
the Texas Code of Criminal Procedure, in which Sergio Holguin seeks relief in Cause
Number 59656 in the 210th Judicial District Court of El Paso County. The relevant facts,
as reflected in the habeas record, are as follows. In November 1990, an El Paso County
grand jury returned an indictment charging Holguin with burglary of a building under Texas
Penal Code § 30.02(a)(3). In January 1991, a petit jury found him guilty as charged in the
indictment. In that same month, the trial court assessed Holguin's punishment at
imprisonment for fifteen years and a day. He did not appeal.

 In January 2004, Holguin filed an application for writ of habeas corpus in the trial
court. In the application, Holguin argued that he had been denied both his right to the
effective assistance of counsel and his right to appeal because his trial counsel had failed to
pursue an appeal "as he [had] stated he would do." Holguin also argued that the indictment
under which he had been tried had been invalid and that the evidence adduced at his trial had
been insufficient to support the jury's finding of guilt.

 In February 2004, the trial court ordered Holguin's trial counsel to file an affidavit in
response to Holguin's claims. In August 2004, trial counsel filed his affidavit, which stated
in relevant part:

 Mr. Holguin expressed his desire to appeal his conviction and I
informed both him and his wife that such would be done, although I related to
him/them that I might not be the lawyer who would handle the appeal.

 After the sentencing, I informed [the trial court] that Mr. Holguin
desired to appeal his conviction, but . . . I asked the Court if someone else
could handle the appeal because I did not feel I would have the time to
effectively provide appellate legal representation . . . . [The trial court]
informed me that he would have the public defender's office or [another
lawyer] handle the appeal . . . . 

 I asked [the trial court] if I should file Notice of Appeal and/or a
Motion for Substitution of Counsel. He told me neither would be necessary. 
He said he would advise newly appointed counsel to file the Notice of Appeal. 
All I needed to do was file my pay voucher, which I did.


 In September 2004, the trial court forwarded Holguin's application to this Court,
along with the trial court's findings of fact, conclusions of law, and recommendation that
Holguin be granted an out-of-time appeal. In its findings of fact, the trial court found that
Holguin had informed his trial counsel that he had wanted to appeal from his conviction but
that trial counsel had failed to file any "appellate documents . . . on [Holguin's] behalf." 

 In May 2005, we ordered Holguin's application filed and set for submission to
determine

 (1) whether trial counsel failed to provide effective assistance of counsel, (2)
if he did not fail, was Holguin denied effective assistance of counsel by the
trial court, and (3) if he was not, whether Holguin is entitled to an out-of-time
appeal on any other basis that is cognizable on habeas corpus.


Ex parte Holguin, No. AP-75,180 (Tex.Crim.App-May 25, 2005) (not published).


 In July 2005, the trial court forwarded supplemental findings of fact to us. In those
supplemental findings, the trial court found that "[Holguin's] trial counsel [had] failed to
insure that [Holguin's] appeal was perfected and [also had] failed to file a written motion to
withdraw before abandoning his representation of [Holguin]." The trial court also "adopted"
trial counsel's affidavit "as part of" the supplemental findings of fact. Although we are not
bound by a trial court's findings of fact in a habeas corpus action, we generally accept such
findings if they are supported by the record, Ex parte Torres, 943 S.W.2d 469, 476
(Tex.Crim.App. 1997), and we will accept the trial court's findings in this case.

 Under the Fourteenth Amendment's guarantee of due process of law, a person
convicted of a criminal offense is entitled to the effective assistance of counsel on his first
appeal of right. Evitts v. Lucey, 469 U.S. 387, 396 (1985). If a person convicted of a
criminal offense can show that his attorney's objectively deficient performance actually
caused the forfeiture of his first appeal of right, then he is entitled to an out-of-time appeal. 
Ex parte Crow, ___S.W.3d___, ___, No. AP-75,176 (Tex.Crim.App.-Nov. 23, 2005). 

 In Ex parte Axel, 757 S.W.2d 369 (Tex.Crim.App. 1988), we examined the
requirements of effective assistance of counsel in a situation similar to the one presented
here. In Axel, a jury found Clifton Axel, Jr., guilty of aggravated robbery, and the trial court
assessed his punishment at imprisonment for 35 years. After sentencing, Axel informed his
trial counsel that he wanted to appeal, and he asked his trial counsel to continue to represent
him as appellate counsel. Trial counsel, however, had no interest in representing Axel on
appeal. Although Axel and his trial counsel had brief discussions concerning the possibility
of taking an appeal, trial counsel did not consider it his duty to actually file a notice of
appeal, and he did not do so. Nor did trial counsel seek permission from the trial court to
withdraw from further representation. Axel, who was in confinement, subsequently
attempted to contact his trial counsel about appealing but received no reply. No appeal was
in fact ever taken. Axel later filed an application for writ of habeas corpus, contending that
he had been denied his right to appeal because his trial counsel had failed to file a notice of
appeal. On those facts, we held that Axel had in fact been denied his Fourteenth Amendment
right to the effective assistance of counsel on appeal, and we granted him an out-of-time
appeal. In the course of our analysis, we explained that trial counsel's representation does
not automatically end once punishment has been assessed. Id. at 373. Rather, trial counsel
must take whatever steps are necessary to protect his client's right to appeal, including filing
a timely notice of appeal, unless trial counsel first files a written motion to withdraw and the
trial court expressly grants that written motion to withdraw. Id. at 373-374. If a written
motion to withdraw is filed and granted, then the trial court is on notice that appellate
counsel must be appointed - unless, of course, the defendant has already retained another
attorney to serve as appellate counsel.

 Our decision in Axel governs the disposition of this case. Here, Holguin's trial
counsel failed to file a written notice of appeal despite the fact that he knew Holguin wished
to appeal. Further, trial counsel failed to file a written motion to withdraw and have that
motion expressly granted. Although trial counsel's failure to act was perhaps somewhat
understandable in context, we nevertheless hold, in line with our decision in Axel, that trial
counsel's representation was objectively deficient and that that deficient performance
resulted in Holguin forfeiting his first appeal of right.

 Accordingly, Holguin is entitled to an out-of-time appeal, and that relief is granted in
Cause Number 59656 in the 210th Judicial District Court of El Paso County. For purposes
of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the
judgment of conviction had been entered on the day that the mandate of this Court issues. 
The trial court will ensure that Holguin is represented by appellate counsel. Holguin's
remaining habeas corpus claims, which he may wish to raise on appeal, are dismissed as
premature. See Ex parte Torres, 943 S.W.2d at 472.

DELIVERED JANUARY 18, 2006.

DO NOT PUBLISH